**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -v- ) | Case No. 1:08-mj-20 |
| ) | |
| Frayne Aeron Wiskus, ) | |
| ) | **ORDER DENYING MOTIONS** |
| Defendant. ) | |

Before the Court are two motions filed by the Defendant. The first is a motion to dismiss supervised release and the second is a motion to quash a gag order  The motions are filed pro se. For the reasons explained below the motions are denied.

**I.    BACKGROUND**

The Defendant pled guilty to one count of wire fraud in the District of Montana on April 30, 2002. He was sentenced to sixty (60) months imprisonment and three (3) years of supervised release on August 8, 2002. The term of imprisonment was made consecutive to two sentences previously imposed by the State of South Dakota. He was paroled by South Dakota on January 21, 2003. He was then taken into federal custody and began serving his federal sentence. He was released by the Bureau of Prisons on June 20, 2007. His term of federal supervised release began on June 20, 2007, and was scheduled to run through June 19, 2010. At this time he was being supervised by federal Probation and Pretrial Services officers for the District of North Dakota but the District of Montana retained jurisdiction over his supervised release. Upon his release from federal prison he made timely contact with his federal probation officer but he failed to contact his state parole officer in South Dakota. Both the Defendant and his federal probation officer were unaware of his parole obligation

in the State of South Dakota. This failure prompted the State of South Dakota to issue a warrant for his arrest on July 31, 2007. He was arrested on the South Dakota warrant on August 1, 2007, in Adams County, North Dakota. The Defendant was extradited to South Dakota on September 12, 2007. His parole was revoked by the Parole Board on April 15, 2008. His original sentence[1] of ten years imprisonment was reinstated and he was stripped of four years of "street time," that is, time spent on the street or in this case federal custody, while he was on parole. On May 30, 2008, the jurisdiction over the Defendant for supervised release purposes was transferred to the District of North Dakota. The Defendant remains imprisoned in South Dakota.

**II.     DISCUSSION**

    **A.     Motion to Dismiss Supervised Release**

The Defendant argues that his federal supervised release obligation has expired and he should be released from that obligation by the Court. There is no dispute that the Defendant began his supervised release on June 20, 2007 and that the three-year term was originally set to expire on June 19, 2010. The government argues that the Defendant's supervised release obligation has been tolled by virtue of his imprisonment in South Dakota. The government is correct. Federal law provides that:

> A term of supervised release does not run during any period in which the person is imprisoned for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.

18 U.S.C. § 3624(e); United States v. Jordan, 572 F.3d 446, 447-48 (8th Cir. 2009) (applying tolling

---

[1] The Defendant pled guilty in case number 49C96003653 to Grand Theft in 1996 but was not sentenced until June 18, 2001. The reason for the delay in sentencing is unknown although he received credit for twelve (12) days served in 1996 and all time served from November 2, 2000, until sentencing. He was sentenced ten (10) years imprisonment with six (6) years suspended. The Defendant's other South Dakota conviction in case number 49C00004262 was a two (2) year sentence for failure to appear. It is unclear when this sentence was imposed and when or if it has expired.

provision). The Defendant's current term of imprisonment in South Dakota is well in excess of thirty days. Thus, his federal supervised release obligation is tolled while he is imprisoned. The Defendant's three-year term of supervised release will commence again when he is released from prison.

### B. Motion to Quash Gag Order

The Defendant asks the Court to quash a gag order which he says was put in place against him on August 6, 2002, by the United States District Court for the District of Montana. He claims the gag order prevents him from speaking with "Legal Authoritive Agencies" and the media. He has not attached a copy of the gag order for the Court's review or identified who signed the order.

The Court has reviewed the docket sheet in and can find no gag order entered on August 6, 2002, or any other date. The Defendant was sentenced on August 6, 2002 and the judgment was entered on August 8, 2002. The judgment contains no gag order and the Clerk's minutes from the sentencing hearing make no reference to a gag order. As the Defendant's suggestion that he is the subject of a gag order is completely unsubstantiated, the motion is denied.

The Court would point out that the Defendant is free to speak with an attorney, the media, or anyone else about his case or any other matter is he so chooses.

### III. CONCLUSION

Accordingly, the Defendant's motion to dismiss and motion to quash are **DENIED**.

**IT IS SO ORDERED.**

Dated this 29th day of November, 2010.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court

3